UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:06-CR-44 |
| ) | |
| TEOFILO LUCIANO RODRIGUEZ ) | |
| a/k/a Teofilo Luciano Rodriguez-Serrano ) | |
| a/k/a Raymon Chaidez-Medina ) | |
| a/k/a Cesar Navarro ) | |

**MEMORANDUM OF OPINION AND ORDER
ON DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

Teofilo Rodriguez entered a plea of guilty to conspiracy to possess more than 5 kilograms of cocaine with intent to distribute. His offense level is 35, his criminal history category is III, and the advisory Guideline range is 210 to 262 months. The Probation Department has recommended a term of imprisonment at the low-end of the range and the government concurs with that recommendation.

On September 19, Rodriguez filed a motion for downward departure (actually, the document filed was titled "Brief in Support of Downward Departure–no separate motion was filed). Docket at 67. The government filed a response in opposition on September 21. Docket at 68. Also on September 21, Rodriguez's counsel filed another "Brief in Support of Downward Departure." Docket at 69. It appears that the second document was intended to replace the first one, as they are identical except that the subsequent brief has some corrections made to the text.

In any event, Rodriguez seeks the following by way of his motion:

Pursuant to 18 U.S.C. § 3553, Rodriguez asks for a "downward departure." He argues that he should receive a departure based on "certain mitigating factors." Brief, p. 1. Those factors, according to Rodriguez, include: 1) he pleaded guilty and has cooperated with the

government; 2) he no longer has any "desire or need to engage in . . . illegal activity"; and 3) he wants to "be united with his small children and take care of their needs." *Id*., pp. 1-4.

In addition, Rodriguez raises another issue. He argues that he should not have been assessed a two-level enhancement for obstruction of justice. *Id*., pp. 6-7. This was done because Rodriguez gave authorities a false name and false identification at the time of his arrest, and also misrepresented his identity to this court at his initial appearance. Rodriguez argues that this two-level enhancement in his Presentence Report should not be assessed because "this fact was not found to be true by a jury, nor proven beyond a reasonable doubt." *Id*., p. 7.

In its response, the government argues that the bases Rodriguez puts forth for his request for a lower term of imprisonment (i.e., he pleaded guilty, he no longer intends to participate in criminal activity, and he has young children to care for) "do not justify a variance from the Guidelines range . . . ." Response, p. 1. As for Rodriguez's argument that he should not have received a two-level enhancement for obstruction of justice, the government argues that "<u>Booker</u> renders the . . . contention frivolous." *Id*.

As the government points out in its response brief, Rodriguez entered a plea of guilty on March 9, 2007, to a count of conspiring to possess more than 5 kilograms of cocaine with intent to distribute. The U.S. Probation Office prepared a Presentence Investigation Report, in which it determined that Rodriguez had a total offense level of 35 and a criminal history category of III, which resulted in a Sentencing Guideline range of 210 to 262 months. The Probation Office has recommended that Rodriguez be sentenced at the low end of that range, to which the government does not object.

2

Then, the government correctly points out that "the factors presented by the Defendant do not justify a variance from the properly calculated Guidelines range. With regard to the Defendant's plea of guilty, there is nothing unusual about his guilty plea, and his acceptance of responsibility was properly assessed by a three-level reduction." In other words, Rodriguez has already received the benefit to which he is entitled as a result of his guilty plea by receiving a three-level reduction in his offense level (two points pursuant to 3E1.1(a) and one point pursuant to 3E1.1(b)). In addition, the government notes somewhat parenthetically that Rodriguez "did cause the government to prepare for a motion to suppress hearing and call witnesses for that hearing, with the Defendant on that day foregoing the hearing and deciding to plead guilty." Response, p. 3. Regardless, he still received a reduction for acceptance of responsibility. He is not entitled to a further reduction based on the fact that he pleaded guilty.

As for his professed desire to refrain from any further criminal activity and his desire to be with his children, the government is again correct that these sentiments or situations are already the type considered by the Guidelines and do not provide a basis for a departure or variance in the Defendant's sentence. The advisory Guidelines provide, in Section 5K2.0(a)(4), that "an offender characteristic or other circumstance identified [in the Guidelines] as not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree." Characteristics such as remorse and family ties are not ordinarily relevant to such a determination. In this case, the mere fact that Rodriguez declares that he does not intend to commit another crime and that he wants to be with his children are not exceptional. On the contrary, they are common characteristics or feelings with almost all criminal defendants,

3

especially those facing the prospect of many years in prison.  They are not an adequate basis for a term of imprisonment below the low end of the advisory Guideline range.

In addition, the government challenges the veracity of these statements by the Defendant.  Response, pp. 3-4.  The government explains that "the Defendant's criminal history and his offense conduct create serious doubt about the sincerity of [his] statements . . ." *Id*., p. 3.  The government elaborates by explaining as follows:

> In looking at the Defendant's criminal past, he was convicted in 1994 of killing another human being with a firearm, having been originally charged with murder but convicted of voluntary manslaughter at trail in Fresno, California.  He was given a ten year sentence of imprisonment and was deported in 1999.  The Defendant illegally re-entered the United States subsequently and was convicted of an Indiana misdemeanor in 2006 under one of his false identities . . . .  The Defendant was on unsupervised release when he committed the present drug trafficking offense, another bad indicator regarding the impact of these prior attempts at rehabilitation on his desire to obey the law."

Government's Response, p. 3.  With regard to the offense in this case, the government argues that "[t]he nature and circumstances of the Defendant's offense conduct are egregious and unworthy of variance."  *Id*.  The crime for which Rodriguez is being sentenced involved the transportation of 13 kilograms of cocaine.  The shipment of drugs was seized while en route to Fort Wayne from California.  Authorities stashed fake cocaine in the car and it was delivered to Rodriguez at a "stash house."  Police and DEA agents later searched the stash house and Rodriguez's personal residence, and found several guns, other drugs, drug paraphernalia and packaging materials, and over $80,000 in cash.  Among the guns seized was an SKS assault rifle.  Finally, the government points out that Rodriguez lived at his residence (where drugs and weapons were found) with his wife and children, "exposing his children to the violence and dangers inherent with the life of a large quantity drug trafficker." *Id*., p. 4.

The government's position is that the bases which Rodriguez claims should warrant a variance from the advisory Guideline range fail to rise to the level necessary. Rodriguez already benefitted from his guilty plea by receiving a reduction for acceptance of responsibility. And a Defendant's desire to refrain from criminal activity and to be with his children do not constitute the sort of "mitigating circumstances NOT already taken into consideration in the formulation of the Sentencing Guidelines."

As for Rodriguez's contention that he should *not* be assessed a two-point enhancement for obstruction of justice, his argument is contrary to law. The case of *United States v. Booker*, 543 U.S. 220 (2005) clearly permits a district court to grant a sentencing enhancement based on facts not charged in an indictment, not proven to a jury beyond a reasonable doubt, or not admitted by a defendant. *United States v. Owens* 441 F.3d 486, 490 (7th Cir. 2006). In *Booker*, the U.S. Supreme Court held that the U.S. Sentencing Guidelines are advisory, not mandatory, thereby rendering meritless any argument that facts justifying Guideline enhancements must be found by a jury. *United States v. Wilson*, 2007 WL 2701971 at *2 (7th Cir. Sept. 18, 2007); *United States v. White*, 472 F.3d 458, 464 (7th Cir. 2006). As the Probation Officer stated in an addendum to the Presentence Report, "the Defendant appears to be confusing sentencing accountability with criminal liability." Second Addendum, p. 25. Therefore, there is no legal basis for Rodriguez's contention.

Additionally, it is important to note, as the government does in its response brief, that

Rodriguez not only gave a false name to the authorities when he was arrested, he continued to lie about his identity when he appeared in this court before Magistrate Judge Cosbey for his initial appearance on August 14, 2006.  Both times, he claimed to be Ramon Chaidez-Medina.  He even produced identification documents to that effect.  Rodriguez does not dispute these facts.  Therefore, the enhancement for obstruction of justice is clearly supported by the facts and circumstances of this case.  The fact that this issue was not found by a jury or admitted to by Rodriguez is not relevant in light of *U.S. v. Booker* and its progeny.

Section 3553 of Title 18 of the U.S. Code states that a sentencing court should consider the following factors when determining a particular sentence to be imposed:

>    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>    (2)    the need for the sentence imposed–
>
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    (B) to afford adequate deterrence to criminal conduct; and
>
>    (C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a).

Rodriguez recites these factors in his motion for downward departure, then argues that "each of these concerns would be adequately satisfied by a sentence less than that called for by the guideline range in the Presentence Report."  Motion, p. 3.  He also argues that "[t]he circumstances of Defendant's case and his personal circumstances militate in favor of a departure and a sentence of imprisonment less than the minimum calculated under the guidelines."  *Id*.

The factors enumerated in 18 U.S.C. 3553(a) come into play when a court imposes a sentence that is above or below the applicable Guideline range.  In such a case, the sentencing court is obligated to consider these factors when arriving at a sentence.  *U.S. v. Hankton*, 463 F.3d 626 (7th Cir. 2006).  However, in the present case, even after consideration of the factors set forth in § 3553, this court arrives at a conclusion very different from the one Rodriguez argues.  The offense in this case, as the government pointed out in its brief and as set forth in the Presentence Report, involved a large amount of cocaine.  A search by police revealed that Rodriguez was also in possession of drug trafficking paraphernalia, several guns, and a large amount of cash.  His criminal history category is III, and includes a prior conviction for voluntary manslaughter.  He was in the United States illegally at the time of the commission of this offense, having been deported years earlier.  When arrested, he gave police investigators a false name and false identification.  At his initial appearance in this court, he continued to misrepresent his true identity.

The court is convinced that in this particular case, the factors set forth in Section 3553 can only be satisfied by the imposition of a substantial term of imprisonment.  Given that the advisory Guideline range of 210 to 262 months is presumptively reasonable, the court finds no basis whatsoever, legal or equitable, to impose a sentence below that range.  The court will adopt the recommendation of the Probation Department but will not impose any sentence below the advisory Guideline range.

## CONCLUSION

For all of the reasons just discussed, the Defendant's motion for downward departure is DENIED.

Date: September 28, 2007.

—/s/ William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana
